# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **APM TERMINALS MOBILE, LLC,** )<br>*Plaintiff,* )<br>v. )<br>**INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO, LOCAL UNION 1410** )<br>*Defendant.* ) | CASE NO.: 1-23-CV-00332-C |

## JOINT STATUS REPORT REGARDING PENDING APPEAL

Plaintiff APM Terminals Mobile, LLC ("APM") and Defendant International Longshoremen's Association, AFL-CIO, Local 1410 ("Local 1410" and collectively with APM, the "Parties"), pursuant to the Court's January 7, 2025 request, jointly report on the status of the pending appeal as follows:

**I.   Status of Local 1410's Appeal**

1.   On March 26, 2024, the Court denied Local 1410's Motion to Dismiss and to Compel Arbitration. (Docs. 16, 32).

2.   On April 9, 2024, Local 1410 filed its Notice of Appeal. (Doc. 37).

3.   From April 2024 through May 2024, the Parties filed their Eleventh Circuit appearances and other required, preliminary filings. (11th Cir. Docs. 1 – 11).

4.   On May 13, 2024, the Eleventh Circuit entered a briefing schedule,

1

making Local 1410's principal brief due June 24, 2024. (11th Cir. Doc. 13). Local 1410 subsequently received an extension of time, until July 24, 2024. (11th Cir. Doc. 14).

5. The Eleventh Circuit also instructed the Parties to complete mediation, and that initially was scheduled on June 13, 2024. However, on the morning of June 13, at the mediator's request, the mediation was rescheduled for August 29, 2024. Given the mediation delay, Local 1410 received an unopposed extension of thirty (30) days after completing mediation to file its principal brief.

6. The Parties completed mediation with the Eleventh Circuit mediator on August 29, 2024, but mediation was not successful. Accordingly, Local 1410 filed its principal brief on September 26, 2024. (11th Cir. Doc. 15).

7. On October 31, 2024, APM filed a Motion to Dismiss the appeal for lack of appellate jurisdiction because the Court's Order denying Local 1410's Motion to Dismiss and to Compel Arbitration was not a final, appealable decision under 28 U.S.C. § 1291. (11th Cir. Doc. 21).

8. While APM's Motion to Dismiss the appeal did not automatically postpone further briefing on the merits of the appeal, including the deadline for APM's principal brief, APM filed an unopposed motion asking the Eleventh Circuit to stay further briefing on the merits pending a ruling on the jurisdictional challenge. On November 18, 2024, the Eleventh Circuit granted APM's unopposed Motion to

Stay the Briefing Schedule pending resolution of the jurisdictional question. (11th Cir. Doc. 27).

9. On December 3, 2024, Local 1410 filed its Response in Opposition to APM's Motion to Dismiss (11th Cir. Doc. 28), and on December 10, 2024, APM filed its Reply. (11th Cir. Doc. 29).

10. The Eleventh Circuit has not yet ruled on the jurisdictional challenge in APM's Motion to Dismiss. While the Parties are uncertain of the Eleventh Circuit's timeline or intentions, they have discussed the possibility that the Eleventh Circuit may invite oral argument because, on information and belief, the jurisdictional question is a matter of first impression in the Eleventh Circuit.

11. Should the Eleventh Circuit decide jurisdiction is proper and deny APM's Motion to Dismiss, APM's principal brief will be due thirty (30) days thereafter.

## II. Impact of Appeal on the District Court Proceedings

12. Whether rightfully or wrongfully, both Parties have been operating under the belief that the filing of Local 1410's Notice of Appeal automatically stayed the district court proceedings and remaining Scheduling Order deadlines. (Doc. 25). As such, since the Notice of Appeal was filed on April 9, 2024, the Parties have not conducted discovery or other case activity with regard to the underlying claims.

13. It was not until the Court's recent January 6, 2025 Order rescheduling

the trial initially set for March 3, 2025 (Doc. 40) that the Parties realized the Court may be operating under a different impression concerning whether the Notice of Appeal stayed further proceedings in the district court.[1]

14.   To the extent Local 1410's Notice of Appeal did *not* automatically stay further proceedings and deadlines in the district court, the Parties believe a stay (and more accurately, a retroactive stay effective April 9, 2024) is necessary and will best serve the interests of the parties and judicial economy. Indeed, postponing further proceedings pending outcome of the appeal will avoid the risk that APM's claims will be prosecuted in the district court while the Eleventh Circuit is still considering whether it can hear the appeal and if so, whether this Court properly denied Local 1410's motion seeking to compel arbitration. If APM does not prevail on either its jurisdictional challenge or the merits of the appeal and the Court's Order is reversed, any litigation in the district court would have to resume and in large part be repeated in the arbitration forum.

15.   The Parties respectfully submit that based on the pending appeal and uncertainty regarding the timing of appellate resolution, the district court proceedings and all deadlines in the Court's April 4, 2024 Scheduling Order should be stayed. Neither Party is prepared to try this case in March 2025 and for the

---

[1]   The Parties sincerely apologize to the Court for not identifying and addressing this question sooner.

reasons outlined above, proceeding to trial in March 2025 or any other time while the Eleventh Circuit is still considering the issues on appeal presents the risk of inconsistent outcomes and duplicative proceedings.

Respectfully submitted this 9th day of January, 2025,

/s/ Anne Laurie McClurkin
Anne Laurie McClurkin (MCCLA2262)

**Attorney for Plaintiff APM Terminals Mobile, LLC**

**OF COUNSEL:**
**MAYNARD NEXSEN PC**
11 North Water Street, Suite 24290
Mobile, Alabama 36602
Telephone: (251) 432-0001
amcclurkin@maynardnexsen.com


/s/ George Davies  (with permission)
George N. Davies

/s/ Richard Rouco (with permission)
Richard P. Rouco

**Attorneys for Defendant International Longshoremen's Association, AFL-CIO, Local 1410**

**OF COUNSEL:**
**QUINN, CONNOR, WEAVER, DAVIES & ROUCO LLP**
Two North Twentieth Street
2 – 20th Street North, Suite 930
Birmingham, AL 35203
(205) 870-9989
(205)803-4143 (facsimile)
gdavies@qcwdr.com
rrouco@qcwdr.com