# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| APM TERMINALS MOBILE, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No.: 23-0332-C |
| v. | : | |
| | : | |
| INTERNATIONAL LONGSHOREMEN'S | : | |
| ASSOCIATION, LOCAL 1410 | : | JURY DEMANDED |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER TO AMENDED COMPLAINT

Comes now the Defendant, International Longshoremen's Association, Local 1410 ("Union" or "Local 1410") by and through its undersigned counsel, and hereby files its answer to the Amended Complaint (Doc. 11) in this case:

1. Upon information and belief, the Union admits the allegations in paragraph 1 of the Amended Complaint.

2. The Union admits the allegations in paragraph 2 of the Amended Complaint but is without sufficient information or belief to admit or deny the allegations in footnote one of the Amended Complaint, so the same are denied.

3. In response to the allegations in paragraph 3 of the Amended Complaint, the Union admits that it provides labor to APM to move cargo at the Port of Mobile, but denies the remaining the allegations in paragraph 3 of the Amended Complaint.

4. The Union is without sufficient information or belief to admit the allegations in paragraph 4 of the Amended Complaint so the same are denied.

5. The Union is without sufficient information or belief to admit the allegations in paragraph 5 of the Amended Complaint so the same are denied.

6. The Union is without sufficient information or belief to admit the allegations in paragraph 6 of the Amended Complaint so the same are denied.

7. In response to paragraph 7 of the Amended Complaint, the Union admits that it provides workers to APM for work covered by the collective bargaining agreement but denies that it performs work for APM.

8. With respect to paragraph 8 of the Amended Complaint, the Union admits that this Court has jurisdiction over this action pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185, but denies that any cause of action has been stated by the Plaintiff or that it is entitled to any relief herein.

9. With respect to paragraph 9 of the Amended Complaint, the Union admits that venue is proper in this District and Division, but denies that the Plaintiff has stated a cause of action entitling it to any relief.

10. With respect to paragraph 10 of the Amended Complaint, the Union admits that there was a local collective bargaining agreement in effect but that agreement expired on September 30, 2024. APM and Local 1410 are in negotiations for a successor local agreement.

11. With respect to paragraph 11 of the Amended Complaint, the Union only admits that Article 4 of the collective bargaining agreement is entitled "NO STRIKE OR LOCKOUT" and that it speaks for itself. Paragraph 11 of the Amended Complaint does not set forth the entirety of Article 4, and therefore the allegations regarding Article 4 in the Amended Complaint do not accurately set forth the parties' obligations under that Article. Accordingly, all other allegations, inferences or implications in paragraph 11 are denied.

12. The Union denies the allegations in paragraph 12 of the Amended Complaint because the allegations in that paragraph do not accurately and fully set forth the obligations of the parties under the collective bargaining agreement.

13. The Union denies the allegations in paragraph 13 of the Amended Complaint because the allegations in that paragraph do not accurately and fully set forth or state the requirements of that Article nor does it set forth the parties' obligations under the collective bargaining agreement with respect to the no strike, no lockout provision of the agreement.

14. The Union denies the allegations in paragraph 14 of the Amended Complaint because the allegations in that paragraph do not accurately and fully set forth or state the requirements of that Article nor does it set forth the parties' obligations under the collective bargaining agreement with respect to the no strike, no lockout provision of the agreement.

15. With respect to the allegations in paragraph 15 of the Amended Complaint, the Union denies the allegations as set forth and states that the agreement requires that grievances or disputes arising from the application, interpretation or alleged violation of the agreement are required to be settled in accordance with the provisions of Article 5 of the agreement.

16. With respect to the allegations in paragraph 16 of the Amended Complaint, the Union only admits that the agreement sets forth the scope of the parties' grievance and arbitration procedure. All other allegations contained in paragraph 16 of the Amended Complaint are therefore denied.

17. The Union denies the allegations in paragraph 17 of the Amended Complaint.

18. The Union denies the allegations in paragraph 18 of the Amended Complaint.

19. The Union denies the allegations in paragraph 19 of the Amended Complaint.

20. The Union denies the allegations in paragraph 20 of the Amended Complaint.

21. The Union denies the allegations in paragraph 21 of the Amended Complaint.

22. The Union denies the allegations in paragraph 22 of the Amended Complaint.

23. In response to paragraph 23 of the Amended Complaint, the Union denies that any employees engaged in conduct that violated the no-strike provision of the agreement or that Local 1410 drivers refused to work. The Union admits that APM "fired for the day" approximately ten (10) drivers in violation of the agreement. Grievances were filed on behalf of these unlawfully terminated drivers that are still pending resolution under the provisions of the agreement.

24. In response to paragraph 24 of the Amended Complaint, the Union admits that APM filed a complaint for injunctive relief in the Circuit Court of Mobile County, Alabama but denies that it was authorized to do so under the provisions of the collective bargaining agreement.

25. The Union denies the allegations in paragraph 25 of the Amended Complaint.

26. The Union denies the allegations in paragraph 26 of the Amended Complaint.

27. The Union denies the allegations in paragraph 27 of the Amended Complaint, and states that APM obtained an *ex parte* temporary restraining order from the Circuit Court of Mobile County, Alabama without any factual basis or affording the Union the opportunity to appear or argue, and that the TRO expired on its own terms after this matter was removed from state court to this Court.

28. With respect to paragraph 28 of the Amended Complaint, the Union only admits that APM obtained an *ex parte* temporary restraining order from the Circuit Court of Mobile County, Alabama without any factual basis or affording the Union the opportunity to appear or argue, and that the TRO speaks for itself. The TRO expired by its own terms after this matter was removed from state court to this Court. All other allegations in paragraph 28 of the Amended Complaint are denied.

29. With respect to paragraph 29 of the Amended Complaint, the Union only admits that APM obtained an *ex parte* temporary restraining order from the Circuit Court of Mobile County, Alabama without any factual basis or affording the Union the opportunity to appear or argue, and that the TRO speaks for itself. The TRO expired by its own terms after this matter was removed from state court to this Court. All other allegations in paragraph 29 of the Amended Complaint are denied.

30. With respect to paragraph 30 of the Amended Complaint, the Union only admits that APM obtained an *ex parte* temporary restraining order from the Circuit Court of Mobile County, Alabama without any factual basis or affording the Union the opportunity to appear or argue, and that the TRO speaks for itself. The TRO expired by its own terms after this matter was removed from state court to this Court. All other allegations in paragraph 30 of the Amended Complaint are denied.

31. The Union denies the allegations in paragraph 31 of the Amended Complaint.

32. The Union denies the allegations in paragraph 32 of the Amended Complaint.

33. The Union denies the allegations in paragraph 33 of the Amended Complaint.

34. The Union denies the allegations in paragraph 34 of the Amended Complaint.

35. The Union denies the allegations in paragraph 35 of the Amended Complaint.

36. The Union denies the allegations in paragraph 36 of the Amended Complaint.

37. The Union denies the allegations in paragraph 37 of the Amended Complaint.

38. The Union denies the allegations in paragraph 38 of the Amended Complaint.

39. The Union denies the allegations in paragraph 39 of the Amended Complaint and states that any alleged statements attributed to Mr. Bass in the referenced news articles are inaccurate and not truthful.

40. The Union admits that it filed the referenced OSHA complaint because of APM's unsafe work practices but denies that it caused, instigated, ratified or condoned any alleged work stoppage.

41. The Union denies the allegations in paragraph 41 of the Amended Complaint as they do not make factual allegations but constitute legal conclusions or argument.

42. The Union denies the allegations in paragraph 42 of the Amended Complaint.

43. The Union denies the allegations in paragraph 43 of the Amended Complaint.

44. The Union denies the allegations in paragraph 44 of the Amended Complaint.

45. The Union denies the allegations in paragraph 45 of the Amended Complaint.

46. The Union denies the allegations in paragraph 46 of the Amended Complaint.

47. The Union denies the allegations in paragraph 47 of the Amended Complaint.

48. The Union denies the allegations in paragraph 48 of the Amended Complaint.

49. The Union denies the allegations in paragraph 49 of the Amended Complaint.

50. The Union denies the allegations in paragraph 50 of the Amended Complaint.

51. In response to paragraph 51 of the Amended Complaint, the Union realleges and incorporates its answers to paragraphs 1-50 of the Amended Complaint and denies that the Plaintiff is entitled any relief whatsoever.

52. In response to paragraph 52 of the Amended Complaint, the Union admits that the Plaintiff is seeking declaratory relief but denies the remaining allegations in paragraph 52 of the Amended Complaint and denies that the Plaintiff is entitled to any such relief.

53. The Union denies the allegations in paragraph 53 of the Amended Complaint.

54. The Union denies the allegations in paragraph 54 of the Amended Complaint.

55. In response to paragraph 55 of the Amended Complaint, the Union realleges and incorporates its answers to paragraphs 1-54 of the Amended Complaint and denies that the Plaintiff is entitled any relief whatsoever.

56. In response to paragraph 56 of the Amended Complaint, the Union admits that there was a collective bargaining agreement in effect between the parties on August 28-30, 2023, but denies that there was a work stoppage during that period of time.

57. The Union denies the allegations in paragraph 57 of the Amended Complaint.

58. The Union denies the allegations in paragraph 58 of the Amended Complaint.

59. The Union denies the allegations in paragraph 59 of the Amended Complaint.

60. The Union denies the allegations in paragraph 60 of the Amended Complaint.

## PRAYER FOR RELIEF

With respect to the final, unnumbered paragraph of the Amended Complaint, the Union denies that the Plaintiff is entitled to judgment against the Union, compensatory damages, attorneys' fees, expenses and costs or any relief whatsoever.

## JURY DEMAND

Without waiving the request for arbitration which the Court has denied, the Union demands a jury trial on all issues so triable.

## DEFENSES

Now having answered each and every allegation of the Amended Complaint, and hereby denying each and every allegation of the Amended Complaint not expressly admitted herein, the Union avers the following defenses:

1. The Court should dismiss this Amended Complaint on grounds that some or all of the claims alleged are moot.

2. The Amended Complaint fails to state a claim upon which any relief may be granted. Specifically, Count I of the Amended Complaint asserts a claim for declaratory judgment that (1) seeks relief beyond the scope of the equitable relief available for a declaratory judgment and/or (2) duplicates Count II's breach of contract claim. It is well settled that a declaratory judgment claim that is redundant with a breach of contract claim should be dismissed as an improper claim for declaratory relief. *Guzman v. Penn-America Ins. Co.*, No. 2:24-cv-01146-JLB-NPM, 2025 LX 134038, at *3 (M.D. Fla. Apr. 4, 2025) ("[A] trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief").

   With respect to Count II, the Court should dismiss this claim as premature and require the Plaintiff to submit to final and binding arbitration pursuant to the Local and/or National Agreements its claim for damages under Article 4 and/or disputes over any preconditions governing such claims.

3. To the extent the Amended Complaint asserts a claim for damages and attorneys' fees based on an alleged violation of a State Court temporary restraining order, the TRO was invalid or improperly issued under Alabama law because, among other things, there was (i) lack of notice; (ii) lack of verification of efforts to notify Local 1410, (iii) no showing of irreparable harm; and (iv) the TRO was overly broad, vague and ambiguous. Additionally, there was no finding of contempt to support a claim pursuant to the TRO which requires a showing of willfulness.

4. The Norris-LaGuardia Act, 29 U.S.C. §101, et. seq., prohibits the Court from entering an injunction restraining the conduct at issue in this Amended Complaint because it grows out of a labor dispute between the Plaintiff and the Defendant.

5. The Union is not vicariously liable for the actions of its members absent clear proof that Local 1410 authorized or participated in the alleged wrongful work stoppage.

6. Any and all remaining disputes in this case are subject to the dispute resolution mechanism of the APM and Local 1410 collective bargaining agreement.

7. To the extent it is controlling, the ILA national agreement requires that any dispute or grievance regarding an alleged dispute or an alleged violation of the no-strike clause is to be resolved through the grievance and arbitration procedure.

8. The Plaintiff has unclean hands and therefore is not entitled to any relief prayed for in the Amended Complaint.

9. The Plaintiff has failed to exhaust its administrative remedies.

10. The Plaintiff has failed to exhaust its contractual remedies.

11. The Plaintiff is not entitled to attorneys' fees and/or costs.

Wherefore, based on the above and foregoing, the Union respectfully requests that the Amended Complaint be dismissed in its entirety with prejudice and it be awarded its costs and attorneys' fees so wrongfully sustained.

Date: December 30, 2025

                                          Respectfully submitted,

                                          /s/*George N. Davies*
                                          George N. Davies

                                          /s/*Richard P. Rouco*
                                          Richard P. Rouco

OF COUNSEL:

QUINN, CONNOR, WEAVER,
 DAVIES & ROUCO LLP
Two North Twentieth Street
2 – 20th Street North
Suite 930
Birmingham, AL  35203
(205) 870-9989
(205) 803-4143 (facsimile)
gdavies@qcwdr.com
rrouco@qcwdr.com

          /s/ *Jeffrey D. Sodko*
          Jeffrey D. Sodko

OF COUNSEL:
QUINN, CONNOR, WEAVER
 DAVIES & ROUCO LLP
303 Perimeter Center N., Ste. 300
Atlanta, GA 30346
(404) 299-1211
jsodko@qcwdr.com

          *Counsel for ILA Local 1410*

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2025, the foregoing was filed using the Court's ECF filing systems system serve the following counsel of record:

Mary Anna Brand, Esq.
Maynard Nexsen PC
11 North Water Street, Suite 24290
Mobile, AL 36602
mbrand@maynardnexsen.com

John B. Holmes, III
Maynard Nexsen PC
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
jholmes@maynardnexsen.com

      /s/*Richard P. Rouco*
      Richard Rouco